UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAR, LLC, a Minnesota limited liability company,<br><br>                                Plaintiff,<br>v.<br>MARINE GROUP BOAT WORKS, LLC, a California limited liability company; UNIVERSAL STEEL FABRICATION, INC., a California corporation,<br>                                Defendant. | Case No.: 3:14-cv-2960-BTM-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE** |
| CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S, LONDON,<br>                                Plaintiff,<br>v.<br>BEAR, LLC,<br>                                Defendant. | Case No.: 3:15-cv-00630-BTM-BLM |

      Before the Court are several pending motions in related cases *Bear, LLC v. Marine Group Boat Works, LLC*, No. 14-cv-2960-BTM-BLM ("Liability Action") and

1

*Certain Interested Underwriters at Lloyd's, London v. Bear, LLC*, No. 15-cv-0630-BTM-BLM ("Coverage Action"). This order deals only with Plaintiff/Counter-Defendant Bear LLC's ("Bear") (Liability Action) motion to consolidate these cases.

On July 22, 2016, Bear filed a motion to consolidate. (Liability Action, Dkt. 70). Defendant/Counter-Plaintiff, Marine Group Boat Works, LLC ("MGBW") (Liability Action), and Plaintiff/Counter-Defendant, Certain Interested Underwriters at Lloyd's, London ("Underwriters") (Coverage Action), each filed oppositions. (Liability Action, Dkt. 80; Coverage Action, Dkt. 73). Third-Party Defendant, Marsh USA, Inc. ("Marsh") (Coverage Action), filed a response in support of Bear's motion. (Coverage Action, Dkt. 74). For the reasons discussed below, Bear's motion to consolidate is **DENIED**.

## I. BACKGROUND

Both actions arise out of the same incident. In May 2014, Bear's 102-foot motor vessel ("the *Polar Bear*") ran aground at the entrance to the San Diego Harbor, damaging the bottom of the hull. (Liability Action, Dkt. No. 1). On June 19, 2014, the *Polar Bear* caught fire while undergoing repairs at MGBW's boatyard. *Id*. The fire resulted in *Polar Bear*'s total loss. *Id.*

**A. The Liability Action**

In December 2014, Bear filed suit against MGBW and Universal Steel Fabrication, Inc.,[1] seeking to establish liability for the *Polar Bear*. *Id*. In February 2015, MGBW filed a Counterclaim against Bear, specifically alleging that Bear's claims are barred by the written contract they entered into on May 7, 2014. (Liability Action, Dkt. No. 8).

**B. The Coverage Action**

In March 2015, Underwriters—Bear's insurer—brought a declaratory relief

---

[1] Universal Steel Fabrication has not made an appearance in the case.

2

3:14-cv-2960-BTM-BLM

action against Bear, seeking to establish that it justifiably denied coverage as a result of Bear's alleged failure to satisfy certain conditions precedent under the insurance policy. (Coverage Action, Dkt. No. 1). In June 2015, Bear filed a Counterclaim against Underwriters alleging that it denied coverage in bad faith, and a Third-Part Complaint against Marsh—Bear's insurance broker—claiming a breach of duty in placing the insurance. (Coverage Action, Dkt. No. 8).

## II. DISCUSSION

### A. Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure allows a district court to consolidate cases when actions before it involve a "common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion to grant or deny consolidation. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether consolidation is appropriate, a court "weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Therefore, even where a common question exists, consolidation is inappropriate if "it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

### B. Analysis

Bear argues that consolidation is appropriate in this instance because both the Liability Action and Coverage Action share common questions of fact and law, namely, that they arise out of the same occurrence—the total loss of the *Polar Bear*. (Liability Action, Dkt. No. 70 at 1). Both MGBW and Underwriters argue that the controlling questions of fact and law in these cases are entirely different, and as such, consolidation would be prejudicial and not in the interest of judicial economy. (Liability Action, Dkt. 80 at 3; Coverage Action, Dkt. 73 at 4–5). While Bear is correct in noting that predominance of common issues is not a

requirement under Rule 42(a), the Court nevertheless finds that consolidation is not warranted.

The controlling legal questions in the Liability Action are the cause of the fire, the seaworthiness of the *Polar Bear*, the enforceability of the "Red Letter" clause and "waiver of subrogation" provision, and the fair market value of the yacht, among others.  On the other hand, the main issue concerning the Coverage Action is whether Underwriters justifiably denied coverage on the basis of the insurance policy's conditions precedent.  Given how distinct the legal issues are, and that none of the common factual issues are dispositive, trying these issues together would be inefficient.  As already noted, it remains within the Court's discretion to deny consolidation if it will lead to inefficiency or inconvenience.  *See EEOC v. HBE Corp.*, 135 F.3d at 551.  Bear repeatedly emphasizes that it seeks to consolidate trials on issues common to the related cases only. (Liability Action, Dkt. 81 at 2).  However, the efficiencies gained from consolidating the narrow issues common to both actions do not outweigh the increased burden the Court would incur from essentially holding three separate trials[2].  Even the trial of common issues would become more cumbersome with the participation of all four parties[3].

Moreover, at this stage of litigation, with both cases approaching the end of discovery, the efficiency gains that ordinarily result from consolidation are no longer available.  *See In re Oreck Corp. Halo Vacuum*, No. CV12-949, 2012 WL 1340128, at *4 (C.D. Cal. April 17, 2012) ("[C]onsolidation serves the interests of judicial economy by promoting efficiency and saving time for purposes of *pretrial discovery* and motion practice.") (emphasis added).  In fact, as Underwriters and

---

[2] Bear urges the Court to try the common issues and then to phase the trial of separate issues by resolving the Liability Action first, followed by the Coverage Action.
[3] For instance, all four parties would submit pretrial motions, present opening statements, offer evidence, conduct cross-examination of witnesses, and present closing arguments.

MGBW have expressed in their papers, consolidation would likely lead to requests to re-open discovery, further delaying both matters. Finally, because both cases are before the Court, there is no risk of inconsistent adjudications.

### III.  CONCLUSION

For the reasons discussed above, Bear's motion to consolidate (Liability Action, Dkt. No. 70; Coverage Action, Dkt. No. 69) is **DENIED**. However, this denial is without prejudice. The pretrial conferences shall be held at the same time. If the Court then determines that there is one or more common issues of fact that could be efficiently tried in a consolidated proceeding, the Court will give serious consideration to doing so.

**IT IS SO ORDERED.**

Dated: September 23, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court